IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| LAURIE ESPINOZA, | ) | 3:13-CV-01369-JO |
| | ) | |
| Plaintiff, | ) | |
| | ) | OPINION AND ORDER |
| v. | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

JONES, District Judge

Plaintiff Laurie Espinoza appeals the Commissioner's decision denying her application for supplemental security income under Title XVI of the Social Security Act. The court has jurisdiction under 42 U.S.C. § 405(g). I AFFIRM the Commissioner's decision.

## PRIOR PROCEEDINGS

Espinoza alleges disability beginning January 1, 2008, due to severe scoliosis and neck pain. Admin. R. 169. The Administrative Law Judge ("ALJ") applied the sequential disability determination process described in 20 C.F.R. sections 404.1520 and 416.920. *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). The ALJ found Espinoza's ability to work was adversely affected by scoliosis and mild carpal tunnel syndrome. Admin. R. 18. The ALJ determined that Espinoza did not meet the criteria for any of the presumptively disabling conditions listed in Appendix 1 of 20 C.F.R. Part 404, Subpart P ("Listing of Impairments"). Admin. R. 19. The

-1- OPINION AND ORDER

ALJ found that Espinoza retained the residual functional capacity ("RFC") to perform a range of light work limited by a number of additional restrictions. Admin. R. 20. The ALJ determined Espinoza could stand or walk two hours in an eight-hour workday and sit for six hours in an eight-hour workday. She further found that Espinoza could kneel, crouch, crawl, and bilaterally reach overhead only occasionally. Espinoza could never climb ladders, ropes, and scaffolds and never be around unprotected heights or dangerous machinery. Additionally, the ALJ found that Espinoza must be able to alternate between sitting and standing at will, but does not need to leave the work station. Admin. R. 20.

The ALJ found that Espinoza could not perform her past relevant work. Admin. R. 25. The ALJ determined that because Espinoza could not perform the full range of light work, it was necessary to consult a vocational expert ("VE") to determine whether jobs exist in the national economy that a person with Espinoza's RFC could perform. The VE testified that a person with Espinoza's RFC could perform the requirements of office helper or mail clerk, occupations representing hundreds of thousands of jobs in the national economy. Admin. R. 26. Accordingly, the ALJ concluded Parker was not disabled within the meaning of the Social Security Act. Admin. R. 26.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings of fact are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004). The Commissioner's factual findings must be upheld if supported by inferences reasonably drawn from the record even if evidence exists to support another rational interpretation. *Batson,* 359 F.3d at 1193; *Andrews v. Shalala,* 53 F.3d 1035, 1039-40 (9th Cir. 1995).

-2-

## DISCUSSION

### I.      Claims of Error

Espinoza contends the ALJ erred by rejecting the opinions of the state agency evaluating doctors without explanation and improperly classifying her RFC as light when it was actually sedentary.

### II.      Opinions of Reviewing Physicians

The Commissioner relies on medical consultants to make findings of fact about the nature of a claimant's impairments and the severity of the functional limitations they impose. 20 C.F.R. § 416.927(f); Social Security Ruling ("SSR") 96-6p, 1996 WL 374180.   These consultants do not treat or examine the claimant, but form their opinions by reviewing the medical evidence in the case record.   An ALJ is not bound by the findings of reviewing consultants, but may not ignore their opinions and must explain the weight given to their opinions in his or her decision.  SSR 96-6p.

The ALJ relied on such consultants in assessing Espinoza's RFC.  Espinoza's case was evaluated by two state agency doctors, Neal Berner, M.D., and Mary Ann Westfall, M.D. Admin. R. 80, 90.  In July 2010, Dr. Berner reviewed Espinoza's medical records and the other evidence in the case record.  Admin. R. 78.  He identified the physical impairments supported by the record and determined the functional limitations these impairments could reasonably be expected to produce.  Dr. Berner opined that Espinoza could carry ten pounds occasionally and ten pounds frequently.  Admin. R. 76.   He also found that she could stand or walk for two hours out of an eight-hour workday and sit for six hours out of an eight-hour workday.  Admin. R. 76-77.

In December 2010, Dr. Westfall reviewed the evidence in the record, including evidence added after Dr. Berner's review. Admin. R. 82-90. Dr. Westfall found Dr. Berner's RFC determination to be "too restrictive secondary to the objective evidence." Admin. R. 85. Dr. Westfall opined that Espinoza could carry twenty pounds occasionally and ten pounds frequently. She also found that Espinoza could stand, walk, or sit for six hours each in an eight-hour workday. Admin. R. 87.

After reviewing the entire record, the ALJ agreed with Dr. Westfall that Espinoza could carry twenty pounds occasionally and ten pounds frequently and agreed with Dr. Berner that Espinoza could stand or walk for two hours of an eight-hour workday and sit for six out of eight hours. Espinoza contends that the ALJ erred by cherry picking the elements of the doctor's opinions that she agreed with and giving no explanation for deciding which portions of the opinions she chose to adopt. This argument has no merit.

The opinions of agency medical consultants are entitled to weight insofar as they are supported by evidence in the case record, whether it is evidence considered by the reviewing physician or evidence presented later to the ALJ or the Appeals Council. SSR 96-6p. It is clear from the written decision that the ALJ considered the entire record, including all of the medical evidence. "Where, as here, the record contains conflicting medical evidence, the ALJ is charged with determining credibility and resolving the conflict." *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). The ALJ thoroughly analyzed the record in her written decision. She specifically noted that her RFC assessment is supported by the claimant's own reports of her daily activities; the successful use of medication to control her pain; the relatively infrequent treatment relating to her back; the successful carpal tunnel surgery which eliminated her pain; the absence of any restrictions placed by any of the claimant's treating physicians; and the

-4-

opinions of the state agency medical consultants. Admin. R. 25. The ALJ did not simply "cherry pick" the parts of the opinions of the state agency medical consultants that she liked. Instead, the ALJ carefully examined all of the evidence available to her and agreed with the portions of the opinions that were most supported by the record. Through this analysis the ALJ successfully resolved the conflict between the opinions of Dr. Berner and Dr. Westfall. *Benton v. Barnhart*, 331 F.3d at 1040.

## III.   RFC Assessment

Espinoza also contends the ALJ erred by finding that Espinoza had the RFC to perform light work rather than sedentary work. This is an incorrect interpretation of the ALJ's RFC assessment. The ALJ did not find that Espinoza could perform the full range of light work. Instead, the ALJ found that she could perform a limited range of light work with a number of exceptions. The ALJ included these limitations in her assessment of the Medical-Vocational Guidelines and the VE's testimony.

The Medical-Vocational Rules are based on vocational factors of age, education, and work experience in combination with each of the possible strength categories of work, *i.e.* sedentary, light, medium, heavy, and very heavy. Where the findings of fact coincide with all of the criteria for one of the rules, the rule will direct a conclusion as to whether the claimant is or is not disabled. 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 200.00(a). For some claimants, including Espinoza, additional limitations impede the ability to perform the full range of work in a given strength category. The ALJ recognized that because Espinoza had limitations impeding the full range of light work, the Medical-Vocational Rules were not conclusive and a VE had to be consulted. *Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir. 2002).

An ALJ is entitled to rely solely on the VE's testimony. *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995) (*citing Conn v. Secretary of Health and Human Services*, 51 F.3d 607, 610 (6th Cir. 1995)). A VE's "recognized expertise provides the necessary foundation for his or her testimony . . . no additional foundation is required." *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). The VE took into account all of the additional limitations that were included in Espinoza's RFC and concluded that Espinoza would be able to perform the requirements of representative occupations such as office helper and mail clerk. Admin. R. 26. The VE said these occupations represent a significant number of jobs in the national economy. Admin. R. 26. Based on this testimony, the ALJ found Espinoza was not disabled within the meaning of the Social Security Act. The ALJ's decision was supported by substantial evidence and must be upheld. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is AFFIRMED.

DATED this ___8th___ day of August, 2014.

Robert E. Jones, Senior Judge
United States District Court

-6-